# CIRCUIT COURT OF BALTIMORE CITY

Filed April 12, 1890.

HAMBLETON & KING, TRUSTEES,
VS.
PEOPLES PASSENGER RAILWAY COMPANY.

*Col. Charles Marshall* for the plaintiff.

*Thomas M. Lanahan* and *Archibald Sterling* for the defendants.

DENNIS, J.—

When this case was last before the Court for instructions to the auditor upon the construction of the opinion of the Court of Appeals, I was of the opinion that the receiver's advances should be charged against both the first and second mortgage bondholders, to be borne by them in proportion to their respective interests in the property, which, as determined by the sale, was 106 to 6. This conclusion was based upon the fact that, as these advances were shown to have been absolutely necessary for the preservation of the property and were expended for that purpose, they should be reimbursed from the proceeds of sale, no matter whether incurred at the instance of the first or second bondholders. Each class was benefited by them, to the extent of their respective interests in the property, as by means of that expenditure alone the property was preserved: and it seems inequitable that the first mortgage bondholders should reap nearly the whole benefit from the expenditure while its burden should fall wholly upon the second mortgage bondholders who had been benefited to a very slight degree. But upon mature reflection, I do not think this conclusion tenable, in view of the language of the Court of Appeals. It has declared, explicitly, that the compensation and indemnity to the receivers must be borne entirely by the second mortgage bondholders, at whose instance they were appointed. While perhaps these terms do not necessarily embrace advances, yet the latter, I think, must be governed by the same principles, so far as the reimbursement for them is concerned. If the receiver's expenses and compensation where his appointment is to be absolutely necessary for the preservation of the property, must, nevertheless, be borne by those bondholders at whose suit he was appointed, it is hard to see why advances made by him and expended in preservation of the property should stand upon any different principle. His labor and conduct in the

management of the business, although his acts may have been necessary for the preservation of the property, must be compensated wholly, says the Court of Appeals, by those at whose instance he was appointed. His services may have been just as necessary for the preservation of the property as his advances, and the first mortgage bondholders may have been (as in this instance they were) most largely benefited thereby, yet he can look to them for no compensation. Such is the explicit decision of the Court of Appeals, and in obedience to it, and guided by the principle upon which that conclusion is based, it seems to me clear that the receiver's claim for reimbursement for advances must, like his claim for compensation for services, be borne wholly by those at whose instance his appointment was made, irrespective of any consideration as to who was benefited thereby. But it has been urged in behalf of the receivers that the new testimony taken since the hearing in the Court of Appeals, makes a different case from the one presented to that Court. After carefully reading the testimony I cannot come to that conclusion. It is true, that it is shown that the bill of the second mortgage bondholders was filed with the knowledge and acquiescence of the counsel for the first bondholders, but there was no agreement between the counsel for the two classes of bondholders which could countervail the legal effect of the principles announced by the Court of Appeals. On the contrary, the counsel for the first mortgage bondholders testify emphatically that they never intended by any negotiations with the counsel for the second mortgage bondholders, or by any acts done in the case, to waive any of the legal rights of their clients in respect to the costs or other expenses of the proceedings. In the absence of proof of some agreement to that effect, the decision of the Court of Appeals has settled the question.

The exceptions to the auditor's accounts are overruled, and the case will be referred back to the auditor to state an account in accordance with the opinion filed on the 15th of June, 1887, as modified by this opinion.